**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CERELYN KELSEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:26-cv-7523** |
| **v.** | § | |
| | § | |
| **ZILLOW GROUP, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT ZILLOW, INC.'S NOTICE OF REMOVAL**

Defendant Zillow, Inc.[1] ("Defendant" or "Zillow") files this Notice of Removal of Cause No. 2026-27445, filed by Plaintiff Cerelyn Kelsey ("Plaintiff") in the 281st District Court of Harris County, Texas, pursuant to 28 U.S.C. §§ 1332(a); 1367, 1441, and 1446. In support of removal, Defendant respectfully shows the Court the following:

## I. INTRODUCTION

This is an employment dispute. On April 24, 2026, Plaintiff Cerelyn Kelsey initiated this action in the 281st District Court of Harris County, Texas, styled *Cerelyn Kelsey v. Zillow Group, Inc.*, Case No. 2026-27445 ("Original Petition."), which Defendant received on August 11, 2026. The Original Petition is attached to this Motion as **Exhibit C-1**.[2]

In the Original Petition, Plaintiff asserts claims of discrimination based on sex and race under Chapter 21 of the Texas Labor Code, TEX. LAB. CODE § 21.001, *et seq.*, and a state-law tort claim for negligent supervision, arising from her employment with Defendant. *See* **Ex. C-1**, Orig.

---

[1] Plaintiff incorrectly names "Zillow Group, Inc." as a defendant in this lawsuit. Zillow, Inc. employed Plaintiff. Accordingly, Zillow, Inc. is the correct Defendant in this lawsuit.

[2] In accordance with LR81, an index of all matters being filed, is attached hereto as **Exhibit A.** A list of all counsel of record, including addresses, telephone numbers, and parties represented, is attached hereto as **Exhibit D**.

Pet. at pp. 7-9. A copy of the state court docket is attached as **Exhibit B**. A copy of each document filed in the state court action is attached as **Exhibit C**.

## II. JURISDICTION AND VENUE

This is a civil action over which this Court has original jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

The Southern District of Texas, Houston Division is the federal district and division that embraces the 281st District Court of Harris County, Texas. *See* 28 U.S.C. § 124(b)(2); 28 U.S.C. §1391(b). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446.

## III. BASIS FOR REMOVAL

Removal is proper in this case because this Court has diversity jurisdiction over this civil action. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs; and (2) the dispute is between citizens of different states or nations. *Id.* Both requirements are met in this case. Therefore, removal is proper under 28 U.S.C. § 1332.

### A. The Amount in Controversy Exceeds $75,000.

Diversity jurisdiction requires that the amount in controversy "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Plaintiff seeks compensatory damages for back pay, front pay, and several other categories of damages. *See* **Ex. C-1**, Prayer, at pp. 9-10. These damages are exclusive of interest and costs, for which she also seeks recovery if she prevails. *Id*. Though Defendant denies that Plaintiff is

entitled to any such damages, by virtue of the nature of the requested relief, Plaintiff's Original Petition admits on its face that she seeks damages over $75,000.00 *Id.* at ¶ 5. Specifically, she "seeks damages of more than $100,000.00 but not more than $500,000.00." *Id*. at ¶ 5. Accordingly, the amount in controversy satisfies the first requirement of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(a).

**B. The Parties are Completely Diverse.**

Diversity jurisdiction requires complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant at the time of removal. 28 U.S.C. § 1332(a)(1)-(2). Defendant has satisfied the second requirement for removal under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and Defendant.

"For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Midcap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). Because "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change," an individual's last known residence is his domicile to determine citizenship for diversity purposes. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

According to Plaintiff's Original Petition, she is a person residing in the United States. *See* Ex. C-1 at ¶ 2. Accordingly, because Plaintiff's last known residence is in Texas, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. **Exhibit F**, Declaration of Chantelle Ballesteros at ¶ 5; *see Preston*, 485 F.3d at 797–98.

For the purposes of 28 U.S.C. § 1332(a), Defendant maintains the citizenship in the state of its incorporation and of the state in which it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). As clarified by the United States Supreme Court *in Hertz Corporation v. Friend*, 559

U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Id*. at 80-81; *see also Metroplexcore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 971 (5th Cir. 2014) (following *Hertz* for "principal place of business").

At the time Plaintiff filed her Original Petition, Defendant was and still is a corporation organized and existing under the laws of the State of Washington. **Exhibit F** at ¶ 3. Defendant Zillow, Inc.'s principal place of business is in Seattle, Washington. *Id.* Defendant Zillow, Inc.'s headquarters, as well as its books and records, are located in Seattle, Washington. *Id.* Most of Zillow, Inc's Executive Officers, including the Chief Executive Officer, Chief Operating Officer/Chief Financial Officer, Chief Technology Officer, Chief People Officer, and Chief Product Officer perform their day-to-day job duties in the state of Washington, including controlling, directing, and coordinating the activities of Zillow, Inc. *Id.* Defendant Zillow, Inc. is not a citizen of Texas but rather is a citizen of Washington. *Id.*

Because Defendant is not a citizen of Texas, and because Defendant was not a citizen of Texas at the time the Original Petition was filed, the parties are completely diverse within the meaning of 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. 1441(b).

## IV. PROCEDURAL PREREQUISITES

Venue is proper in the United States District Court for the Southern District of Texas, Houston Division. Under 28 U.S.C. § 1441(a), a civil action brought in a state court may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." The state court action originated in Harris County, Texas, and the United States District Court for the Southern District of Texas – Houston Division embraces Harris County, Texas, so venue is proper in this Court. *See* 28 U.S.C. §§ 1391(b) and 1441(a).

The removal is also timely. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…." Zillow was first made aware of Plaintiff's Original Petition on August 11, 2026, when the Petition was received in person by an employee of Defendant. *See* **Ex. C** (showing proof of service on August 11, 2026). While Defendant does not concede proper service has been made, this Notice of Removal is nevertheless timely filed within 30 days after first receipt of Plaintiff's Petition by Defendant on August 11, 2026.

As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing of Notice of Removal along with a copy of this Notice of Removal will be promptly filed with the clerk of the 281st District Court of Harris County, Texas, and served on Plaintiff. A copy of the Notice to State Court of Filing of Notice of Removal is attached hereto as **Exhibit E**.

Pursuant to Local Rule 81, an Index of Matters Being Filed is attached hereto as **Exhibit A** and a List of Counsel of Record is attached hereto as **Exhibit D**.

By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## V. CONCLUSION

For these reasons, Defendant Zillow, Inc. respectfully requests the removal of this action from the 281st District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Dated: September 8, 2026

Respectfully Submitted,

*/s/ Danielle K. Herring*
Danielle K. Herring *(Attorney-in-Charge)*
Texas Bar No. 24041281
dherring@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

**ATTORNEYS FOR DEFENDANT ZILLOW GROUP, INC.**

*Of Counsel:*
Daniel Coolidge
Texas Bar No. 24113693
Federal ID No.: 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, a copy of the foregoing document has been electronically filed with the Court, and served on the following by CM/ECF, and served via certified mail and email to the address listed below:

Kevin A. Murray
JDGEMNTDAY.LAW
Brook Hollow III
2950 North Loop West, Suite 500
Houston, Texas 77092
kmurrary@murrlaw.com

***Attorney for Plaintiff***

*/s/ Danielle K. Herring*
Danielle K. Herring